## Anna M. McNemar v. Frank B. McKennan.

1. INSTRUCTIONS—*Where the Evidence is Conflicting.*—Where there is a sharp conflict in the evidence, the court should give only such instructions as are fairly accurate and free from anything calculated to improperly influence the jury against either party.

2. EVIDENCE—*Contents of Letters.*—It is error to permit a party, over the objection of his adversary, to prove the contents of letters without producing the letters or properly accounting for their absence.

Assumpsit.—Attachment proceedings. Trial in the County Court of McLean County; the Hon. R. A. RUSSELL, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed December 2, 1898.

CALVIN RAYBURN, attorney for appellant.

S. P. ROBINSON, attorney for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was an attachment proceeding tried in the County Court of McLean County in which the appellee recovered an $800 verdict and judgment against the appellant and Sarah E. Smith.

The appellant alone brings the case here by appeal and seeks to reverse that judgment on the grounds, as she claims, that the court admitted improper evidence in behalf of the appellee, gave improper instructions, numbered 1, 2, 3, 4, 5, 6, 7 and 8, for the appellee, and that the verdict is contrary to the evidence.

The declaration is in assumpsit, and in it the appellee claims to have been employed by the appellant and Sarah E. Smith as their attorney to commence and prosecute a contested will case for them, which he did at their request.

The appellant interposed a plea of non-assumpsit, and Sarah E. Smith made default.

The evidence shows that Mrs. Blake, the mother of the

appellant and Sarah E. Smith, died in McLean county, Illinois, leaving a writing purporting to be her will, in which she gave to certain persons therein named, all her personal and real property.

Soon after her death the appellee, claiming to have authority from the appellant and Sarah E. Smith commenced in the Circuit Court of McLean County a chancery proceeding to declare said writing not to be such will, in which he made the appellant and Sarah E. Smith the complainants, and the persons named in the said writing as legatees and devisees, defendants.

At the February term, 1897, of said Circuit Court, appellee tried said will case and was successful. It is stipulated by the appellee and the appellant that if the appellee is entitled to recover in this case at all, as against the appellant, then $800 is a proper amount for him to recover. There was a sharp conflict in the evidence as to whether the appellant authorized or in any manner employed the appellee to commence or try said will case, or in any manner whatever consented thereto; therefore the court ought to have given only such instructions to the jury as were fairly accurate and free from anything that was calculated to improperly influence the jury against the contention of the appellant.

Appellee's first, second, third, sixth and seventh instructions are argumentative and are not limited to the appellant, who alone denied that she had employed the appellee, and are well calculated to improperly influence the jury against the claim of the appellant that she did not employ the appellee in the will case.

Appellee's fifth instruction fails to require the jury to find that Reynolds had authority from the appellant, as her agent, to bind her in employing the appellee in the will case, but tells them that if he was the attorney or agent of the appellant when he wrote the letter in evidence, then the appellant was bound by what he said in the letter. It may have been true that Reynolds, who lived in West Virginia, as did also the appellant, was the attorney or agent

of the appellant, as to matters foreign to the will case, yet that alone would not authorize him to bind the appellant in employing the appellee in this will case out in Illinois; and besides, there is evidence in the record that makes this instruction very prejudicial to the appellant.

Appellant's eighth instruction was erroneous because it told the jury that they should find for the appellee if he had been employed by either the appellant or Sarah E. Smith; as Mrs. Smith was not denying that she had employed the appellee, this instruction virtually told the jury to find for the appellee.

As to whether or not the verdict is contrary to the evidence, we express no opinion on that assignment of error, as this case must be submitted to another jury. This record also discloses that the trial court permitted the appellee, over the special objections of the appellant, to prove the contents of certain letters, without producing the letters or properly accounting for their non-production. This was prejudicial error, and on the next trial the court should have sustained appellant's objections to said proof, or compel the appellee to produce or properly account for the non-production of such letters, before admitting proof of their contents.

There are many other errors assigned and urged by counsel upon us as constituting reversible error in this record, but we think we have noticed and disposed of all that are material.

For the errors above indicated, the judgment of the County Court of McLean County herein is reversed and case remanded to that court for such other and further proceedings therein as to law and justice shall appertain, and that are not inconsistent with this opinion. Reversed and remanded.